IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| KRISS RAY CAMP, PRO SE, § <br> also known as KRISS CAMP, § <br> TDCJ-CID No. 1734943, § <br> Potter County ID No. 140210, § <br> Previous TDCJ-CID No. 387591, § <br> Previous TDCJ-CID No. 689643, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> T. ERIC DOBBS, Assistant Potter County § <br>   Attorney; § <br> BELINDA CAMP, Ex-Wife; § <br> VICTOR MARTINEZ, Criminal Investigator § <br>     DA Office; and § <br> AUDREY MINK, Assistant District Attorney, § <br> § <br> Defendants. § | 2:11-CV-0140 |

**REPORT AND RECOMMENDATION**

Plaintiff KRISS RAY CAMP, acting pro se and while a prisoner confined in the Potter County Detention Center[1], has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff sues an Assistant County Attorney who allegedly helped plaintiff's ex-wife apply for a protective order against plaintiff, the state's investigator in connection with his criminal case, and the Assistant District Attorney who prosecuted plaintiff in his criminal case. Plaintiff's claims constitute an attack on both his civil divorce case and the criminal proceedings against

---

[1]Since filing this lawsuit, plaintiff has been convicted of assault causing bodily injury to a family member and transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division. Review of TDCJ records also indicate his parole on a conviction for burglary of a habitation was revoked as well. See, http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=03302430, viewed December 19, 2011.

him. As shown below, plaintiff's allegations, as presently set forth, fail to state a claim on which relief can be granted or state only a frivolous claim.

Plaintiff requests release from confinement and compensatory relief, as well as the return of the property awarded to his wife in the divorce or a further award of $10,000.00 compensatory damages. Plaintiff also requests a special prosecutor be appointed "to seek and investigate criminal charges in all [his] alleged criminal acts against [plaintiff] and the courts investigate all caus [sic] # and persons involved."

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

To the extent plaintiff requests to be released, that relief is not available in a civil rights lawsuit and must be pursued through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

To the extent plaintiff attempts to cast his ex-wife, defendant CAMP, in the role of a state actor in connection with his claims involving MARTINEZ[4] and/or MINK[5], and with respect to plaintiff's claims against defendants MARTINEZ and MINK, these claims appear to constitute an attack on the evidence used against plaintiff in his criminal conviction and, therefore, any favorable ruling by this Court on these claims would cast plaintiff's latest conviction and/or the length of his confinement into doubt. Any civil rights action in connection with a claim that attacks the validity of the plaintiff's criminal convictions or the length of his confinement will not accrue until after the conditions[6] set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) have been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). A claim that falls under the rule announced in *Heck v. Humphrey,* 512 U.S. 477 (1994) "is legally

---

[4]Plaintiff alleges defendant MARTINEZ, an investigator, destroyed tapes of telephone conversations plaintiff had while he was in the Potter County Detention Center, which tapes plaintiff contends would have proven his innocence. This allegation asserts a claim under *Brady v. Maryland*, 383 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* claims are within the traditional core of habeas corpus and outside the province of § 1983. See *Heck v. Humphrey*, 512 U.S. 477, 479, 490, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (claim that prosecutors and an investigator had " 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence' " cannot be maintained under § 1983); *Amaker v. Weiner,* 179 F.3d 48, 51 (C.A.2 1999) ("claim [that] sounds under *Brady v. Maryland* ... does indeed call into question the validity of [the] conviction"); *Beck v. Muskogee Police Dept.,* 195 F.3d 553, 560 (C.A.10 1999) (same).

[5] Plaintiff alleges there was a theft or unauthorized opening of letters he sent to Janessa Camp, Abby Ingram and Shela Camp. Plaintiff says this was committed by defendant BELINDA CAMP and defendant AUDREY MINK in order to get evidence to be used against him in the criminal prosecution.

[6]The *Heck* court held that any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, S.Ct. at 2372).

frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir.1996).

Concerning plaintiff's claims against defendant CAMP which are not part of or intertwined with his claims against any state actor, *i.e.*, that CAMP persuaded him to sign a power of attorney and sign over the title to his truck and a paycheck for $690.00, plaintiff has alleged no fact to show that defendant CAMP was acting under color of state law when she committed these acts. Plaintiff cannot satisfy an essential element of a civil rights claim against defendant CAMP with respect to the these acts and, therefore, has failed to state a claim on which relief can be granted. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official).

Plaintiff also complains about the rulings of the state court in the handling of plaintiff's divorce. Critically, plaintiff has not pled facts showing any one or more of the defendants are liable for these claims.

Even if he had identified a defendant on these claims, they are frivolous or fail to state a claim on which relief can be granted. Plaintiff's specific allegations are that he was "refused to attend [his] own hearing [in the divorce case filed against him by defendant CAMP] after properly requesting through the court to be taken to the court house from the jail." Plaintiff complains the hearing was held without him and defendant BELINDA CAMP was awarded all his property. Plaintiff says the Court will not allow him to appeal and he wasn't able to use the jail law library.

"[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Prisoners retain the constitutional right to petition the government for redress of their grievances; this right includes the right of access to the courts. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed. 2d 393 (1984); *Reese v. Reese,* 256 S.W.3d 898, 900 (Tex.App.-Dallas 2008, no pet.). However, the right of access to the courts does not give an inmate the unqualified right to appear personally at every court proceeding in a civil case. *In re Z.L.T.,* 124 S.W.3d at 165; *Boulden v. Boulden,* 133 S.W.3d 884, 886 (Tex.App.-Dallas 2004, no pet.). Instead, when an inmate asks to be physically present for a proceeding by requesting a bench warrant or writ of habeas corpus ad testificandum, he must provide the trial court with enough factual information to allow the court to assess the necessity of his appearing at the relevant hearing. *In re Z.L.T.,* 124 S.W.3d at 166. The trial court should weigh the inmate's need for access against the need to protect the integrity of the judicial system. *Id.* When plaintiff requested "to be taken to the court house from the jail," it was his burden to show the trial court why his presence was warranted. Plaintiff has not shown the trial court erred in that regard; and even if it did, plaintiff's remedy is by way of an appeal in the state court system. Plaintiff has not alleged facts showing he was deprived of any constitutional rights.

Concerning plaintiff's alleged deprivation of access to a law library, which is another aspect of access to the courts, the right of access to the courts "does not afford prisoners unlimited access to prison law libraries." *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). The right encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement. *Johnson v. Rodriguez*, 110

F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).

Plaintiff claims he is not being allowed to appeal his divorce; however, plaintiff has presented no allegation of facts showing how anyone could prevent him from filing such an appeal and has not indicated any of the defendants is connected with this claim.

As to the return of his property awarded to defendant CAMP in the divorce, the relief plaintiff seeks is in the nature of mandamus relief. Federal courts have no power to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

Lastly, plaintiff has sued defendant DOBBS, the Assistant Potter County Attorney, for allegedly helping defendant CAMP apply for a protective order against plaintiff. Accepting the truth of plaintiff's allegation and assuming, without deciding, his contention that such a protective order is illegal because CAMP and he were married at the time, plaintiff still hasn't pled any theory by which this violated his constitutional rights. Plaintiff's allegation fails to state a claim of constitutional dimension.

For the reasons set forth above, plaintiff's allegations fail to state a claim on which relief can be granted or they state claims which lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff KRISS RAY

CAMP is DISMISSED WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claims or he may file objections to the Report and Recommendation.

IT IS SO RECOMMENDED.

ENTERED this 20th day of December, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set

forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).