IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KRISS RAY CAMP, PRO SE, <br> also known as KRISS CAMP, <br> TDCJ-CID No. 1734943, <br> Potter County ID No. 140210, <br> Previous TDCJ-CID No. 387591, <br> Previous TDCJ-CID No. 689643, <br><br> Plaintiff, <br><br> v. <br><br> T. ERIC DOBBS, Assistant Potter County <br>   Attorney; <br> BELINDA CAMP, Ex-Wife; <br> VICTOR MARTINEZ, Criminal Investigator <br>   DA Office; and <br> AUDREY MINK, Assistant District Attorney, <br><br> Defendants. | 2:11-CV-0140 |

### ORDER OF DISMISSAL

Plaintiff KRISS RAY CAMP, while a prisoner confined in the Potter County Detention Center[1], filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants, and has been granted permission to proceed *in forma pauperis*.

On December 20, 2011, a Report and Recommendation was issued by the United States Magistrate Judge recommending the instant cause be dismissed with prejudice as frivolous and for failure to state a claim on which relief can be granted.

---

[1] Since filing this lawsuit, plaintiff has been convicted of assault causing bodily injury to a family member and transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division. Review of TDCJ records also indicate his parole on a conviction for burglary of a habitation was revoked as well. See, http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=03302430, viewed December 19, 2011.

Plaintiff filed his Objections on January 6, 2012, calling it his "arguments and amended complaint[2]." Plaintiff also states he is adding four new defendants, POTTER COUNTY JAIL, STAFF, MEDICAL STAFF, and FOOD PREP STAFF; and has amended his request for relief. The Court considers any new facts or claims set forth in plaintiff's Objections to be an amendment to his complaint and addresses them below.

By his Objections, plaintiff states his criminal conviction and his civil divorce case are presently on appeal "and have no bearing in this case."

Plaintiff alleges defendant MARTINEZ, an investigator, destroyed tapes of telephone conversations plaintiff had while he was in the Potter County Detention Center, which tapes plaintiff contends would have proven his innocence. Although plaintiff has argued the phone calls were exculpatory, he now contends they "will have no bearing on criminal case retrial. For the simple fact that the indictment enhancement paragraph was unproven by fingerprint expert as not identifying me to the enhancement paragraph as to having a prier, [sic] charge should have been a mistameaner [sic] like I said, all along."

Plaintiff has informed the Court his criminal conviction is on appeal. Plaintiff appears to be assuming what the results of the appeal will be, although his explanation is largely incoherent. At this time and given plaintiff's earlier contention that the telephone calls constituted exculpatory evidence, plaintiff's allegation still asserts a claim under *Brady v. Maryland*, 383 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* claims are within the traditional core of habeas corpus and outside the province of § 1983. See *Heck v. Humphrey*, 512 U.S. 477, 479,

---

[2]Plaintiff's January 6, 2012 Objections at page 1.

2

490, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (claim that prosecutors and an investigator had " 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence' " cannot be maintained under § 1983); *Amaker v. Weiner,* 179 F.3d 48, 51 (C.A.2 1999) ("claim [that] sounds under *Brady v. Maryland* ... does indeed call into question the validity of [the] conviction"); *Beck v. Muskogee Police Dept.,* 195 F.3d 553, 560 (C.A.10 1999) (same). Any civil rights action in connection with a claim that attacks the validity of the plaintiff's criminal convictions or the length of his confinement will not accrue until after the conditions[3] set forth in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) have been met. *Boyd v. Biggers,* 31 F.3d 279 (5th Cir. 1994).

Plaintiff asserts a new complaint: that Potter County Sheriffs Department STAFF notarized documents plaintiff says his ex-wife, defendant CAMP, persuaded him to sign, *i.e.,* a power of attorney, his paycheck, and the title to his truck. Plaintiff claims that, by doing so, the Potter County Sheriffs Department "became a state actor of depriving [plaintiff] of [his] personal property . . . ." Plaintiff's new allegations fail to state a claim of constitutional and do not state a claim on which relief can be granted.

Plaintiff claims that the Fifth Amendment Due Process Clause entitles every inmate to access legal materials whether civil or criminal, when it is requested and that jail officials must provide him access to a law library or assistance in the preparation of his legal papers. An inmate's right to access legal materials is grounded in his First Amendment right to petition the

---

[3]The *Heck* court held that any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey,* S.Ct. at 2372).

3

government for redress of grievances, sometimes called the right of access to courts. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*. The right of access to courts encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). An inmate who claims to have suffered a deprivation of access to library resources must show he has suffered an actual injury[4] stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 348. Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis,* 518 U.S. at 349. Plaintiff has made no such showing and has failed to state a claim concerning deprivation of access to legal materials.

Plaintiff states "[t]he main concern of this lawsuit is the unconstitutional protective order filed September 14, 2010." Plaintiff presents new factual allegations explaining there was already a temporary protective order in existence and argues protective orders cannot be stacked in the State of Texas. Plaintiff complains he had to appear at a hearing on September 28, 2010,

---

[4] It is doubtful that plaintiff can show an actual injury at this point. He has not alleged any specific injury to date.

4

and listen to his wife commit perjury by her testimony, and that the Judge, the County Attorney, the State Investigator (defendant MARTINEZ), and a uniformed deputy sheriff of Potter County all failed to arrest her. Further, plaintiff says the Judge "refuses to sign his own order of protection that is predated to begin September 28, 2012." Plaintiff says a copy of this order has been forwarded to Potter County Sheriffs Department and the Texas Department of Public Safety. He complains that he suffered embarrassment at "being labeled an abuser without the due process of law."

Plaintiff's dissatisfaction with the procedures followed in the state court must be addressed by appeal to the state appellate courts. "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

Plaintiff's claim that he is embarrassed by the outcome of the proceedings does not state a claim of constitutional dimension. Assuming plaintiff is embarrassed because he feels his reputation has been damaged, the Court notes that allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under section 1983. *See, e.g., Paul v. David*, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under section 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)(same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)(injury to reputation as a result of libel or slander in false prison report does not give rise to section 1983 liability).

Plaintiff makes new factual allegations with respect to his claimed wrongful confiscation of letters. Plaintiff now states the Assistant District Attorney, defendant MINK, wrongfully instructed the POTTER COUNTY JAIL to note plaintiff was not to be allowed to receive mail from his daughter. Plaintiff said he had to give instructions that such mail be released to his attorney. Further, plaintiff adds a new complaint: he is deprived of mail from his family because he had to ask them not to write him while his criminal proceedings are ongoing.

Plaintiff does not provide sufficient facts about either of these claims to state a claim of constitutional dimension against anyone. Plaintiff has failed to state a claim on which relief can be granted.

Plaintiff claims he was not provided sufficient writing materials while housed in the Potter County Detention Center. To the extent plaintiff is attempting to assert an access to courts claim based on that allegation, even assuming unconstitutional conduct by some defendant(s), plaintiff has utterly failed to allege facts showing an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Plaintiff has failed to state a claim on which relief can be granted.

Plaintiff claims a conspiracy exists between POTTER COUNTY, the DISTRICT ATTORNEY, the jail, the SHERIFFS DEPARTMENT, and his ex-wife, defendant CAMP, to violate his constitutional rights. Plaintiff says the conspiracy is "obvious." Plaintiff has alleged no material fact to support his allegation of conspiracy. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v.*

*5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

Plaintiff makes a new claim: that he and/or other inmates have suffered or are suffering severe health problems such as severe weight loss, kidney and tooth problems, and depression, due to lack of proper food while incarcerated at the Potter County Detention Center. Plaintiff is presently incarcerated in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division. Plaintiff has provided no factual specifics and does not even make clear what health problems he is suffering and which ones he claims are being suffered by other inmates. Plaintiff does not state which defendant or defendants are liable. Plaintiff's vague and global allegations are not sufficient to state a claim on which relief can be granted.

Moreover, this claim is not properly joined with the claims originally asserted in this cause. Plaintiff may not avoid the three-strike provision of the Prison Litigation Reform Act by pursuing a multitude of improperly-joined claims in a single cause. If plaintiff wishes, he may file a new lawsuit asserting this claim. He is instructed he must file within the relevant statute of limitations on the form available at the unit law library and he will be responsible for payment of the filing fee, either at the time of filing or by installments under the in forma pauperis statute.

Lastly, plaintiff argues jail officials may not retaliate against a prisoner for exercising his First Amendment right to send and receive mail to and from family and friends. Plaintiff alleges no fact to support any claim of retaliation for sending and receiving mail and does not identify any defendant whom he contends is liable in this respect. Plaintiff has failed to state a claim on which relief can be granted.

Plaintiff has had sufficient opportunity to cure the deficiencies in his factual pleadings and has attempted to supplement the facts alleged in his complaint with additional facts, claims, and defendants in his objections. Plaintiff's objections show that, even with the addition of new factual allegations, plaintiff is unable to provide facts sufficient to support his claims and, therefore, appears to have stated his best case. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The required opportunity to amend does not does not mean that a plaintiff must be allowed to continue to amend or supplement his pleading until he stumbles upon a formula that carries him over the threshold. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff and plaintiff's original and amended complaints.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by KRISS RAY CAMP is DISMISSED WITH PREJUDICE AS FRIVOLOUS, AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE BEEN MET, *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996), AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff's claim of inadequate food while in jail is DISMISSED WITHOUT PREJUDICE to being reasserted in a separate lawsuit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the 10th day of January, 2012.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge